Hear, hear, hear, the United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States in this honorable court. Good morning and welcome to the 11th Circuit. Judge Jill Pryor and I are very pleased to have with us today helping us. Judge Roy Altman of the Southern District of Florida, we really appreciate his time and his effort, and we're thrilled to have him with us today. We're going to start off with a little bit of an overview of the system, but just a quick review. The time that you have available will be posted up on the screen. If it's green, you're good to go. If it's yellow, you're running out of time. If it's red, you're over your time. We ask that you please stay within your time unless we ask you questions that take you over. If we do ask you questions that take you over, then of course please answer them. We're asking the questions because we need to know the answers. Alrighty, with that we will begin with Goggins v. Secretary of the Department of Corrections, case number 20-11033. We will begin with Professor Morley. Professor Morley, you've got it, okay. Thank you very much, Your Honor. Good morning and may it please the Court. My name is Michael Morley and I represent the appellant Marcus Goggins. This case is an appeal from the District Court's denial of Mr. Goggins' petition for relief under 28 U.S.C. 2254 without an evidentiary hearing. This court granted a certificate of appealability on two issues. First, whether reasonable jurists would find debatable or wrong, the District Court's conclusion that Goggins' claims 2 and 3 for ineffective assistance of counsel were foreclosed by entry of his plea. The District Court held, quote, petitioner's valid plea forecloses federal habeas review of alleged constitutional errors preceding the entry of the plea, including claims asserted in the petition that do not attack the voluntariness of his plea. The court therefore concluded that Mr. Goggins' ineffective assistance of counsel claims, because they preceded the entry of his plea, they present no basis for federal habeas relief. That holding, which was the basis upon which the court denied his petition without an evidentiary hearing, directly contravened this court's binding precedent in Arvelo. Citing the U.S. Supreme Court's ruling in Hill v. Lockhart, this court in Arvelo held, quote, a defendant does not waive an ineffective assistance of counsel claim simply by entering a plea. Instead, because voluntariness of the plea depends on whether counsel's advice was within the range of reasonable competence demanded of attorneys in criminal cases, courts must continue to apply the familiar two-part test provided by Strickland v. Washington for ineffective assistance of counsel. So here, the District Court's basis for denying Mr. Goggins' claim directly contravened binding 11th Circuit precedent. Turning to your question, Counsel, about that last point, if we're applying the Strickland test under Hill v. Lockhart, the second part of that inquiry is, would the filing of the motion have caused Mr. Goggins to forego his plea and to go to trial, right? Yes, Your Honor. And in Hill v. Lockhart, in fact, that second prong was dispositive because the Supreme Court found that the petitioner in that case had not actually pled with respect to the counted issue, that, in fact, he would have gone to trial, correct? Yes, Your Honor. And at least with respect to the entrapment count, in this case, the ground three, one of the two that's at issue here, I've read it 100 times that there is actually no plea in that ground to that effect, correct? I don't know that I understand the question, Your Honor, about a plea. Well, I guess my question is, with respect to the motion to suppress, I probably agree with you that he does say, had the motion been presented, he wouldn't have pled guilty and would have gone to trial. He says something like he prejudiced his right to go to trial. But he doesn't say anything of the sort with respect to the entrapment motion, right? So turning to Mr. Goggins 2254 petition, the entire premise of his entrapment claim, and I'm turning to his count three here, ineffective assistance counsel litigating an entrapment defense for unwillfully deviating from approved community control schedule, I would suggest to the court the entire premise of this claim is that his attorney failed to abide by the duty to which reasonable attorneys have to follow in criminal cases. Therefore, Mr. Goggins was not advised of the availability of an entrapment defense, and had there been a valid entrapment defense such that counsel was, to the point that counsel was ineffective for failing to recommend it, I think that it's a reasonable inference from this petition, both of the state court as well as in the federal court that that was that induced Mr. Goggins to plead guilty or at the very least it interfered with the voluntariness of his of his plea. Isn't another way to say that Mr. Morley that the entire premise of saying my lawyer failed to raise a defense is that you would raise that defense at trial. Yes, Your Honor. Let me ask you about the state's harmless error argument. I think at least arguably our bailout could be read to support this approach. The panel in our bailouts held that the state post conviction court had unreasonably applied hill. The district court made the same mistake, and that the district courts, other three merits merit based reasons for why the state courts decision with stood deference were erroneous. Could it be argued that if the last of these three weren't true, the just let us if the district court had correctly concluded that the ineffective assistance claims, alternatively failed on the merits than any error in the supplying hill would have been harmless. So once you set aside the erroneous reasoning that a guilty plea preclude you from raising an effect and ineffective systems of counsel claim, I would suggest we then fall back on this court's general standard for when a petitioner is entitled to a hearing in a in a 2254 case, particularly with regard to ineffective assistance, and in Hernandez versus United States, this court held that a petitioners entitled to a hearing if he alleges facts that if true would entitle him to relief, and conversely a hearing is unnecessary. If either his allegations are patently frivolous, if they're based on unsupported generalizations, or if they are affirmatively contradicted by the record. I'm sorry, counsel. So, relating to that, and with respect specifically just to the entrapment issue. I know that your brief talks about that you thought there was entrapment with respect to the probation violation, but would you agree that there's no entrapment that that there's really no entrapment defense with respect to the. I guess to the personal identification charge. Yes, Your Honor, the entrapment defense goes to the to the probation violation. Okay, so in that case, to the extent that one could construe his 2254 petition as suggesting that that was a grounds for reversing his guilty plea as far as the, the personal identification charge goes, you would you would agree that that's that that's not meritorious that that there's no reason to have an evidentiary hearing on that. There wouldn't be a said, there would be no reason for a separate evidentiary hearing the evidence would still, there would still be a hearing with regard to the other claim but you're right Your Honor with regard to the possession of personal identification information that doesn't go to the entrapment defense. Thank you. Something about something you said earlier you said that had he known that this was a viable defense, then he would have gone to trial. Doesn't it seem from the petition itself that he repeatedly says that he requested that his lawyer file these motions, and that for reasons having to do with. Frankly, Mr Goggins doesn't know in fairness, the lawyers negligence or the lawyers forgetfulness, or the lawyers malfeasance he says in one instance, the lawyer didn't file the motion that Mr Goggins requested. Yes, Your Honor Mr Goggins asked that the record shows Mr Goggins asked his lawyer to file a to file a suppression motion, which I would add is the same circumstances as in our bellow. Mr Goggins also asked his attorney to pursue an entrapment defense, but again this is coming from the perspective of a lay person who doesn't necessarily know when there's a whether there's any merit here right these are part of your general background culture right you you hear about suppression motions you know entrapment is a thing you don't know if in a particular case you have valid claims. And so you rely on your attorney you rely on your, your attorney's guidance you rely on your attorney's decision making and to the extent that your attorney fails to satisfy right Sixth Amendment effective sensitive counsel standards, your constitutional rights are thereby violated and the volunteer voluntariness of your plea is thereby is thereby vitiated. Was that true in our fellow to. I didn't read our fellow is making clear that in that case. In other words, one big difference it seems to me between our fellow in this case is that, in our case, the, the petitioner knew about the defendants, the defenses instructed his lawyer to file the motions and the lawyer didn't subsequent to that the petitioner then waived the filing of any defenses in the petition plea that's included is tab E in the appendix. But in our fellow. It was never emotion or defense that the petitioner had asked the lawyer to file it was something the petitioner had never thought of and the lawyer never thought of and that's what the court said was deficient performance, isn't that a difference. So at four separate places in this court's opinion this court points to the, the, the attorney's failure to move to suppress his omission of filing a suppression motion, it doesn't get into what if any conversation regarding that motion happened beforehand, I would suggest that to the extent counsel is directly acting in contravention of of his clients requests that to the extent that not only was the decision ineffective but he's making an effective decision in the face of his clients requests that would be an aggravating circumstance that to the extent that that would be a factual difference from our fellow, if it is, that would make the situation even worse than our Bella. I see my time is expiring so if the panel doesn't have further questions I'll reserve for rebuttal. Thank you. Thank you Mr Morley you've reserved five minutes and we'll hear from Mr Duffy. Thank you. May it please the court, Thomas Duffy, on behalf of the secretary and the, and the Florida Attorney General's Office. Judge Altman you made an excellent point about our bellow our bellow. This, we maintain that the decision below is not inconsistent with the principles set out in our bellow specifically our bellow talked about the defendants or the defense team's ability to make strategic choices. As you pointed out, Judge Altman in our bellow the defendant was uninformed and hill versus Lockhart, the defendant was misinformed. Council here, but the council isn't there. I mean, isn't there a factual question here. I mean if it turns out that we don't expect defendants to know whether or not emotion to suppress will be successful on the merits. We expect that their counsel will be able to make a reasonable decision could be strategic as to whether or not to file a motion, but we don't expect that counsel will not file a motion that might be that might have merit solely because counsel is too busy in other cases counsel, you know, otherwise isn't capable of doing it or whatever the case may be. And it seems to me that if he pled guilty because counsel advised him to plead guilty. Because, you know, counsel's too busy to file these motions, as opposed to because counsel made a decision that strategically this was a better way to go. Then there's still a problem. And we should have an evidentiary hearing to figure out what happened there. Why isn't that the case, because the there is a substantial factual basis that Mr. Goggins was completely informed of this. He, for one thing, he knew that his lawyer had not had time to research the case, he signed a document swore an oath on that document that he knew that he was entering this plea fully in the knowledge that his lawyer hadn't investigated. He knew the strength of the state's case, he knew the state's resolve to see him punished. He knew the fact that the sentences could be run consecutively. He knew that he was facing potentially 50 years if the state went forward with the other matters that they mentioned that that they had in their, in their investigation. And despite all he knew the of the motion to dismiss and he knew of the motion to to dismiss for I'm sorry, I'm entrapment and he knew of the that they're asked for a motion to suppress the fact that he doesn't know the law that is vitiated by the fact that he knew he was entering this plea, which was to his advantage, fully aware that his lawyer had not investigated the case. So, based on that, we believe that this factual situations distinguishable and Mr. Duffy, even if we even if we were to agree with you on that. Do you agree that the magistrate judge in his R&R that was adopted by the district court judge probably got the standard wrong as Professor Morley just made clear about cutting off. I mean, he uses the language about cutting off from McMahon, but then he goes a little further and suggest that any acts preceding the plea couldn't be the subject of a later ineffective claim, which seems to contravene both Hill and this court's decision in our fellows and that right Well, let me let me explain I understand you've asked me a direct question. Let me explain. I think that you have to read the The short shrift he gave the magistrate gave two issues, two and three in context with what he said in issue one, he cited talent versus Henderson in both cases for the the proposition that Under certain circumstances, the circumstances beyond surrounding the plea, not the necessarily the fact of the plea itself. We have no quibble with the If you say, well, he pled so therefore he has nothing because the cases make that completely clear. So it's not the fact of the plea here that makes this case. In inconsistent with our fellow it's the circumstances of the plea are we we maintain consistent with the language in our fellow on pages 1348 and 1349 of the of the opinion. The cases speak about voluntary and knowing and I can't imagine a set of circumstances here where you have less not where you could have more knowledge at that stage of the game. He knows his lawyer hasn't fully investigated the case, but he knows the strength of the state's case. Well, what do you make of Professor Morley's position. You've got our fellow says these defendants. They don't know the law, so they rely on their lawyers lawyers should have known to file this motion to suppress the confession. That's our fellow Our case, Mr. Professor Morley says is even worse because we've got a petitioner who says, I think I have this motion, please file it on my behalf and he for whatever reason refuses or fails to do so. What do you make of that position. What I make of it is that Mr Goggins knew all that and entered the plea. Anyway, so it's actually not worse. It's way better from our perspective that he knew that this hadn't been done. He felt if he felt he had a viable motion to suppress. He should have said, Okay, I want to go forward on this motion to suppress he knew his lawyer hadn't gotten time the clock was ticking on this as the as the emails that are mentioned in the in the discussion and Claim one said the state wanted a plea right now, they had him dead to rights on the violation of community control that he did the rights on the on the possession he had a credit card with a name of a woman who's a college professor in Fargo, North Dakota, and would be if he could knock out those things to the suppression and or the entrapment. And I agree that the entrapment is very weak and I'll get to that momentarily. But before knowing all that he played, I'm sorry. Yeah, before you before you, you leave this topic. You're talking about what Mr Goggins do at the time but but let's talk about what counsel did you argue in your brief that there's no allegation that counsel was unprepared to file the motions and you say it's more likely that counsel was unwilling to do so, setting aside whether that even matters. You don't have any evidence for your guests about councils motives right because there was no evidentiary hearing. Isn't that a reason why we would want to send it back. Well, let me say this about evidentiary hearings. Personally, in my position, I wish state courts would have evidentiary hearings on this because it makes the, the issues, much cleaner for us. If the judge finds that he believes the defendant. He rules for the defendant if he finds he doesn't believe the defendant. He says he doesn't believe the defendant, and that's pretty much unassailable on appeal. So we wish that would happen but that's not realistic. One of the troubling things about our velo to me is the presumption in here that all these cases need to be worked up, and they don't and this is a case that does not because of the fact that he was new of these defenses. This isn't like, Mr. Velo, Mr. Velo however it's pronounced. He did not know of these defenses. Mr Goggins did. And that's why you do not need an evidentiary hearing here. And if you were inclined to remain, I'm sorry, but just the mere fact that count that Mr Goggins knew that there might be some defenses. If he's being advised, because the attorney doesn't feel like filing or is too busy in some other case, if he's being advised, these don't have any merit, right, when they might have merit, and any competent attorney with the same information might have would filed a suppression motion because it stood a chance of being granted. Then, I mean, isn't that something we have to have an evidentiary hearing on why does it matter that Mr Goggins knew that there might be a suppression motion available to him. If he was being misadvised about its viability, not because Council had made an informed decision about the law and the facts but instead because Council decided that, you know, there wasn't time to file one because Council had too many other obligations. Well, two things. One, this case isn't about I've gotten misadvised and therefore I entered a plea in ignorance or that my plea, my complaint is that I was misadvised about taking a plea. His claim is my lawyer should have filed a motion to suppress. The other thing is, he knew about the motion to suppress. So, and he knew that that would be a defense. It's not like a counsel. So, as I'm understanding you're saying there are two reasons why we shouldn't worry about it. The first reason is because he doesn't connect it to the plea, but I think that if we go back through the 2254, he does actually connect it to the plea. He basically says, I wouldn't have, if I, if the, if the motion had been granted I wouldn't have pled guilty, which makes sense because there would have been no evidence had that happened. So I don't think we can rely on that. And the second thing you said is the question that I'm asking you, so I need you to maybe hash it out a bit for me. In other words, in other words, the fact that he knows that there's a motion that might be able to be filed. Why is that in and of itself enough, assuming for purposes of this question, and only for purposes of this question because we don't know because there's no record that his attorney told him, we're not going to file a suppression motion because you know it's not going But he did so only because he didn't have time to research it and hadn't actually looked into it. And that if any other competent attorney looking at the complete facts. We're reviewing it, they would have filed the motion. Why, assuming those facts, does the fact that he knew that there might be a motion to suppress defeat his claim here. Well, that's a lot to unpack there and in the question, but let me see if I can address it this way. The He doesn't. He did apparently know according to his pleadings some detail about why the motion would succeed. So he wasn't completely ignorant. And again, I You don't necessarily have to know why the attorney did something if the defendant was fully informed. That's what these cases, he'll Speaks to and what our fellow speaks to is whether the person had knowledge. And in this case, there was clear knowledge of the existence of the things of the of the grounds to it. He's the one that said I was pulled out of the car. He's the one that says, Counsel, we don't we don't charge individual defendants, as opposed to, you know, an ineffective assistance claim. We don't charge individual defendants with having legal knowledge. I mean, how you know that's the whole idea here. The idea is he goes to his counsel and he says, I think we should file a suppression motion. And if counsel tells them there's no grounds for suppression motion when in fact there are grounds. I mean, he's not the attorney. And that's why he is receiving counsel from This attorney who's representing him. So how can we do you have some authority that says we can look to what you know his legal knowledge is even assuming that that were in the record, which I didn't see it there. Well, I'm not sure he needs legal knowledge. He has factual knowledge of the thing of the circumstances. And that's what the suppression motion was going to turn on was facts. So, no, we don't know that. But in this case, he seems to have been he's got a college Education, or at least he said he had been to college. He's 34 years old. He seems to have some knowledge of the system. So I think you have to take individuals as you find them. I see my time is running running out of we believe that this case would be harmless for the reasons we set out in our brief and that the Appellant has not shown that is not met the Brecht standard for showing harmless. Thank you very much for your time. Thank you, Mr. Duffy Professor Morley. Thank you very much, Your Honors. I'll just make three quick points in rebuttal. The first is with regard to whether there was a connection between the ineffective assistance of counsel and Mr Goggins decision to plead guilty on page 31 of the supplemental appendix, which is Mr. Goggins 2254 petition, Mr. Goggins writing as a pro se litigant with no legal training rights, defense counsel's failure to file motions suppressing evidence from the illegal stop was in violation of defendants Sixth Amendment rights and prejudice to defendants decision to forego trial and meritorious providing all evidence including the defendants identity was fruit from the poisonous tree read leniently as we would for a pro se litigant with no legal training he's clearly saying he's not going to pursue of a Fourth Amendment motion. Secondly, with with regards to if I could just ask you about that. Judge Rosenbaum's question for Mr. Duffy gets right to the crux of this case, which is, he knew about the motion, he asked his lawyer to file it, his lawyer chose not to file it. That is the extent of the pleading on ground to and that failure to file for whatever reason, prejudiced his right to go to trial. He never alleges or tell me if I'm wrong. He never alleges that the lawyer misadvised him that the lawyer was not filing the motion because the lawyer didn't believe the motion was viable, or for any other reason. He simply says he told him about it, and the lawyer didn't file it correct. Yes, Your Honor. Does that matter. I don't I don't believe so Your Honor because the question for ineffective assistance would be, if there is a merit if there is a meritorious Fourth Amendment motion to be filed and you know I went through the the facts and legal argument at the brief as to why this would have been meritorious. When a client says, please file my motion, what would what would an effective lawyer had done what do the standards of constitutional reasonableness require counsel to do if it is constitutionally unreasonable for a lawyer, not only to fail to fail to file a meritorious Fourth Amendment motion, but to refuse count declines express directive to file the motion well then at that point the client has suffered an effective assistance of counsel his police that and the which vitiates the voluntariness of his plea, if the if counts if the client is telling the lawyer, please file my motion time is dragging on time is dragging on the lawyer refuses to add one point in the record, the Mr. Dog and says his attorney even advised him that the deadline for filing it had passed but it was too late to file the motion, which I would suggest would further exhaust would further exacerbate the circumstances, then in that case, the plea would be deemed the plea would be deemed invalid. With regard to the second point with regard to our fellow nothing in that opinion gets into whether or not the client actually actually knew Mr Duffy said our fellow didn't know, but in fact the the opinion is simply silent on that point. To the contrary, the the courts holding in our fellow is broad enough to encompass cases regardless of whether the client knew there was such a thing as the Fourth Amendment. This court says quote, where a petitioner false his lawyer for failing to pursue a motion to suppress prior to entering the plea, both the deficient performance and prejudice prongs of Strickland turn on the viability of the underlying motion. This court doesn't suggest it has anything to do with what if any preliminary conversations that occurred. What if anything was the was the extent of the of the clients knowledge and find what's the limiting principle then. If you can just simply for any plea. If there's any dispute that you can conjure with respect to any possible theoretical motion that could have been filed in the case before after the plea. What's to prevent us from having district court judges have evidentiary hearings in every single state court plea that's ever happened. I'd fall back on this court standard in Hernandez, you don't have to hold an evidentiary hearing if the allegations are frivolous. If they're based on unsupported generalizations, maybe there was something somewhere that could have been suppressed, or if they're affirmatively contradicted by the record here we have extremely strong in particular a suppression claim. Again, some supported by Supreme Court supported by Supreme Court precedent. So this isn't a case of a client hypothetically speculating about maybe there was something that could have been done. So as a result, not only was that was the district courts refusal to hold a hearing flatly erroneous under our fellow, but Mr Goggins was entitled to a hearing under this court's more general standard in Hernandez. If this court has no further questions, I will rest there. Thank you counsel. Thank you both, and Professor Morley I know you were court appointed, we very much appreciate your taking this case and your representation in this matter. Thank you, Your Honor. Thank you both. Have a great day.